UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIVYA GAUTAM,<br><br>Plaintiff,<br><br>v.<br><br>THISTLE HEALTH INC.,<br><br>Defendant. | CASE NO. C26-3106JLR<br><br>ORDER |

This matter comes before the court *sua sponte*. For the reasons set forth below, the court ORDERS Defendant Thistle Health Inc. ("Thistle") to show cause why this case should not be either (1) remanded to state court for lack of Article III standing or (2) stayed pending the Ninth Circuit Court of Appeals's resolution of *Montes v. Penney Opco, LLC* ("*Montes II*"), Nos. 25-8045, 26-241 (9th Cir.)

Plaintiff Divya Gautam initiated this putative class action in King County Superior Court in August 2026. (*See* Compl. (Dkt. # 1-2).) She alleges that Thistle sent her and other Washington consumers marketing emails with false or misleading information in

their subject lines in violation of the Washington Commercial Electronic Mail Act ("CEMA"), ch. 19.190 RCW, and the Washington Consumer Protection Act ("CPA"), ch. 19.86 RCW. (*See generally id.*) Thistle removed the case on August 31, 2026, asserting that this court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). (*See generally* Not. of Removal (Dkt. # 1).)

"[W]hether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (emphasis in original, citation omitted, cleaned up). As the party invoking federal jurisdiction, Thistle bears the burden of establishing that Ms. Gautam has standing under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). Thus, Thistle "must show (i) that [Ms. Gautam] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation omitted). A "concrete" injury "must actually exist;" that is, it must be "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (internal quotation marks and citation omitted). Where an injury is intangible, the plaintiff must have "suffered a harm that has traditionally been actionable in our nation's legal system" to have Article III standing. *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

Several courts in this District have remanded nearly identical CEMA cases after concluding that the plaintiffs' allegations of harm did not support Article III standing.

*See, e.g.*, *Hutton v. Papa John's USA, Inc.*, No. C25-1922KKE, 2026 WL 2210133, at *2 (W.D. Wash. July 31, 2026) (concluding plaintiff lacked Article III standing and remanding); *Nuri v. True Religion Apparel*, No. C25-0690LK, 2026 WL 864886, at *4 (W.D. Wash. Mar. 30, 2026) (same). Other courts have stayed such actions pending the Ninth Circuit's resolution of *Montes II*, an appeal of *Montes v. Catalyst Brands LLC* ("*Montes I*"), No. 2:25-cv-0281-TOR, 2025 WL 3485827, at *3 (E.D. Wash. Dec. 4, 2025), in which the Eastern District of Washington dismissed a CEMA case for lack of Article III standing. *See, e.g.*, *Meadows v. Lands' End, Inc.*, No. C25-5841BHS, 2026 WL 2581947, at *3 (W.D. Wash. Sept. 1, 2026) (compiling cases).

Here, it is not evident from the complaint or notice of removal that Ms. Gautam has suffered an Article III injury. Accordingly, the court ORDERS Thistle to show cause by no later than **October 21, 2026**, why this matter should not be either (1) remanded to King County Superior Court for lack of Article III standing or (2) stayed pending the resolution of *Montes II*. Ms. Gautam may file an optional reply by no later than **November 4, 2026**. The parties' briefs shall not exceed 2,000 words in length. Failure to respond to this order to show cause will result in the court remanding this case to state court.

Dated this 6th day of October, 2026.

JAMES L. ROBART
United States District Judge