THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIVYA GAUTAM, on her own behalf and on behalf of others similarly situated,

Plaintiff,

v.

THISTLE HEALTH INC.,

Defendant.

Case No.: 2:26-cv-03106-JLR

**DEFENDANT THISTLE HEALTH INC.'S RESPONSE TO ORDER TO SHOW CAUSE**



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510

## I. INTRODUCTION

Defendant Thistle Health Inc. submits this response to the Court's October 6, 2026, Order to Show Cause (Dkt. 13), directing Thistle to address whether this case should be remanded for lack of subject matter jurisdiction or stayed pending the Ninth Circuit's resolution of the standing question in *Montes v. Penney OpCo, LLC,* Nos. 25-8045, 26-241 (9th Cir.) ("*Montes II*").

Thistle respectfully submits that Plaintiff Divya Gautam alleges the kind of concrete, intangible injury—annoyance, harassment, and intrusion arising from unwanted and deceptive commercial emails—that courts, including the Ninth Circuit, have long recognized as sufficient to confer Article III standing. Judges across this District and the Eastern District of Washington have reached divergent conclusions on whether a plaintiff who alleges only receipt of an email that potentially violates the Commercial Electronic Mail Act ("CEMA") has Article III standing. *Compare Sheffield v. Fat Brain Toys, LLC*, No. 3:26-cv-05781-JLR, Dkt. 36 (W.D. Wash. Oct. 7, 2026), *with Post v. Nysonian Inc.*, No. 2:26-cv-00941-JHC, Dkt. 34 (W.D. Wash. Sep. 25, 2026). That precise question is pending before the Ninth Circuit in *Montes II*. Remanding risks multiplying proceedings if the Ninth Circuit reverses and Thistle removes the case a second time. *Sheffield*, Dkt. 36 at 5. As a result, the *Landis* factors heavily favor staying this action pending the Ninth Circuit's decision in *Montes II*.

Because the Ninth Circuit's forthcoming decision in *Montes II* will resolve the precise Article III question at issue, numerous courts in this District, including CEMA cases nearly identical to this one, have stayed proceedings for that reason. A stay—not remand—promotes judicial efficiency.

## II. DISCUSSION

### A. The Court Should Stay the Case Pending the Ninth Circuit's Decision in *Montes II*.

A district court has inherent authority to stay proceedings "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to do so, courts weigh "the competing interests which will be affected by the granting or refusal to grant a

stay," including (1) the possible damage that may result from a stay; (2) the hardship or inequity a party may suffer if required to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). All three factors favor a stay.

First, no party is harmed by a brief pause, particularly because this case is early in its pleading stage. No responsive pleading has been filed, discovery has not begun, and no class has been certified. *See Arcand v. Catalyst Brands LLC*, No. 2:25-cv-01445-DGE, 2026 WL 369417, at *3 (W.D. Wash. Feb. 10, 2026) (granting stay where the "case is in the early stages of litigation" and "there are no immediately pressing deadlines"); *Sheffield*, Dkt. 36 at 5. The stay would end upon the Ninth Circuit's decision in *Montes II*, for which briefing will be complete within days of this filing. *See Montes II*, Dkt. 41 (optional cross-appeal reply deadline of October 19, 2026). A stay at this point, ending in a defined event, is warranted and not an indefinite contingency. *See Waithaka v. Amazon.com, Inc.*, No. C19-01320-RSM, 2020 WL 7028945, at *7 (W.D. Wash. Nov. 30, 2020) (finding requested stay was not "indefinite" where duration was tied to pending appeal).

Second, the hardship and inequity factor favors a stay. Absent a stay, the parties and the Court would be required to litigate threshold and merits questions, including Thistle's forthcoming motion to dismiss, while the Ninth Circuit resolves the standing question that determines whether this case belongs in this Court at all, risking wasted effort and inconsistent rulings. Remand would be no better. If the Ninth Circuit reverses in *Montes II* and clarifies that CEMA plaintiffs have standing, Thistle will remove this action a second time, and the parties would be required to start over. *See Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (permitting successive removal upon "a relevant change of circumstances," such as "an intervening change of law giv[ing] rise to a new basis for subject matter jurisdiction"). Staying this case at this time avoids "multiplying these proceedings and wasting judicial and attorney resources." *Sheffield*, Dkt. 36 at 5.

Third, the Ninth Circuit's decision in *Montes II* will simplify, and likely dispose of, the threshold Article III question, favoring a stay. As multiple courts in this District have observed in nearly identical CEMA cases, the ruling in *Montes II* is "directly on-point and will be dispositive on


FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510

the threshold Article III jurisdictional question." *Meadows v. Lands' End, Inc.*, No. 3:25-cv-05841-BHS, 2026 WL 2581947, at *3 (W.D. Wash. Sep. 1, 2026) (compiling cases). Judge Robart reached the same conclusion last week, where he stayed a CEMA/CPA action pending the issuance of the mandate in *Montes II* in lieu of remanding. *Sheffield*, Dkt. 36 at 4-6. Other courts have done the same. *See, e.g.*, *Liss v. Skechers USA Inc.*, No. 3:25-cv-05861-DGE, 2026 WL 1392327, at *3 (W.D. Wash. May 19, 2026); *Talley v. Everlane Inc.*, No. 2:26-cv-00007-KKE, Dkt. 28 (W.D. Wash. June 12, 2026); *Harrington v. Vineyard Vines, LLC*, No. 2:25-cv-01115-TSZ, Dkt. 64 (W.D. Wash. Apr. 17, 2026); *Meadows*, 2026 WL 2581947, at *4; *Velasco v. Brooklinen Inc.*, No. 3:26-cv-05757-BHS, Dkt. 16 (W.D. Wash. Sep. 21, 2026); *Hendrix v. Cozy Earth Holdings, Inc.*, No. 2:25-cv-02019-RAJ, Dkt. 37 (W.D. Wash. Sep. 23, 2026); *Brown v. La-Z-Boy Inc.*, No. 2:25-cv-02203-JHC, Dkt. 26 (W.D. Wash. June 3, 2026); *Shahpur v. Ulta Salon*, No. 2:25-cv-00284-RLP, Dkt. 86 (E.D. Wash. July 7, 2026).

Finally, a stay will not prejudice Plaintiff. Courts considering a stay recognize that delay alone does not constitute prejudice. *See, e.g.*, *New World Med. Inc. v. MicroSurgical Tech. Inc.*, No. 2:20-cv-01621-RAJ-BAT, 2021 WL 952456, at *4 (W.D. Wash. Feb. 18, 2021) ("While a stay may ultimately result in a delay in resolving an action, . . . delay does not demonstrate undue prejudice."); *Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Commc'ns*, 2015 WL 13333678, at *5 (N.D. Cal. May 6, 2015) ("[D]elay alone does not support the denial of a stay."). Plaintiff would not suffer any irreparable injury from a stay. Plaintiff's claims arise from alleged statutory violations and do not assert any actual damages. As a result, statutory damages can fully address any recovery to which Plaintiff may be entitled. *See Asis Internet Servs. v. Active Response Grp.*, No. C07 6211 TEH, 2008 WL 4279695, at *5 (N.D. Cal. Sep. 16, 2008) (delay in ability to collect statutory damages was "not a sufficient basis to deny a stay"); *Naini v. King Cnty. Pub. Hosp. Dist. No. 2*, No. C19-0886-JCC, 2020 WL 468910, at *2 (W.D. Wash. Jan. 29, 2020) ("Courts routinely grant stays that would delay recovery of money damages because money damages compensate a plaintiff for their injury regardless of when the money damages are awarded."). Furthermore, a temporary stay poses no risk of evidentiary loss or impairment of Plaintiff's ability to prosecute her claims. Thistle has an obligation to preserve evidence and has taken the necessary steps to do so. *See Borden*

*v. eFinancial, LLC*, No. C19-1430-JLR, 2020 WL 7324815, at *3 (W.D. Wash. Oct. 16, 2020) (concluding a stay was unlikely to harm the plaintiff "in light of the parties' obligations to preserve evidence").

A stay pending the Ninth Circuit's decision in *Montes II* would serve the orderly administration of justice and spare the parties the burden of litigating in state court a case that may ultimately return to, and proceed in, this Court.

**B. Plaintiff Has Article III Standing Because Her Alleged Injury Resembles a Traditional Harm.**

Article III standing requires an injury that is "concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). An injury is concrete if it bears "a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts," even if the harm is intangible. *Id.* at 424 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340-41 (2016)).

The Ninth Circuit has repeatedly held that allegations of unwanted, harassing electronic communications, without any further showing of pecuniary harm, satisfy Article III's concrete injury standard. In *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043-48 (9th Cir. 2017), the court held that just two unsolicited text messages conferred Article III standing because "[a]ctions to remedy defendants' invasions of privacy, intrusion upon seclusion, and nuisance have long been heard by American courts." The same is true where a statute like CEMA protects a substantive right to accurate information. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982-84 (9th Cir. 2017); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 966-67 (9th Cir. 2018) (deceptive advertising invades a substantive right to truthful information sufficient for Article III). The Ninth Circuit has already implicitly recognized standing for the identical type of injury alleged here, reaching the merits of a CEMA claim premised on a deceptive email subject line. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1062-64 (9th Cir. 2009) (affirming dismissal of plaintiff's CEMA claim as preempted by the CAN-SPAM Act).

Courts in this District applying these principles to CEMA claims consistently hold that allegations of unwanted, misleading commercial emails confer standing. *See Liss*, 2026 WL


FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510

1392327, at *3 (plaintiffs "spammed" with "unanticipated and unwanted" commercial email adequately alleged the "annoyance and harassment" necessary for Article III standing); *Devivo v. Sheex Inc.*, No. 3:25-cv-05807-DGE, 2026 WL 1734589, at *2 (W.D. Wash. June 16, 2026) (email that "waste[s] consumers' time and choke[s] consumers' email inboxes" is an injury "precisely the form the statute was intended to guard against") (internal citations and quotations omitted); *Brinton v. Vivint Inc.*, No. 3:23-cv-06105-TMC, 2024 WL 3688589, at *3 (W.D. Wash. Aug. 7, 2024) ("This Court agrees with the other district courts that have found receipt of spam emails to be a concrete injury that establishes Article III standing."). Plaintiff's allegations that she did not want Thistle's commercial emails suffice to confer Article III standing. She alleges that "Thistle has spammed Plaintiff with commercial emails whose subject lines contain false or misleading statements in violation of her right to be free from such annoyance and harassment." Compl. ¶ 92. That is the same species of privacy-invasion and nuisance-based injury that the courts in *Van Patten*, *Eichenberger*, *Liss*, and *Devivo* found sufficient.

## III. CONCLUSION

For the foregoing reasons, this Court has subject matter jurisdiction over this action and should stay this action pending resolution of *Montes II.*

Dated: October 15, 2026

Respectfully submitted,

FENWICK & WEST LLP

By: /s/ Taylor A. Dumaine
Taylor A. Dumaine (WSBA No. 64457)
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 650.938.5200
Email: TDumaine@fenwick.com

Molly R. Melcher (admitted *pro hac vice*)
**FENWICK & WEST LLP**
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Email: MMelcher@fenwick.com

Kimberly Culp (admitted *pro hac vice*)
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Email: KCulp@fenwick.com

*Attorneys for Defendant*
THISTLE HEALTH INC.

**LCR 7(e) WORD-COUNT CERTIFICATION**

As required by Western District of Washington Local Civil Rule 7(e), I certify that this submission contains 1793 words.

Dated: October 15, 2026

FENWICK & WEST LLP

By: *___/s/ Taylor A. Dumaine___*
Taylor A. Dumaine (WSBA No. 64457)



FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510